**Abidan MUHAMMAD, Plaintiff–Appellant,**

v.

**WALMART STORES EAST, L.P.*
Defendant–Appellee.**

No. 12–3355.

United States Court of Appeals, Second Circuit.

Oct. 9, 2013.

Christina S. Agola, Christina A. Agola, PLLC, Rochester, N.Y., for Plaintiff–Appellant.

---

* The Clerk of the Court is directed to amend the caption to conform with the listing of the parties above.

Michael S. Hanan, Gordon & Rees LLP, Florham Park, N.J., for Defendant–Appellee.

Present PIERRE N. LEVAL, RICHARD C. WESLEY, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Abidan Muhammad filed this employment discrimination action in the United States District Court for the Western District of New York following his termination from Defendant–Appellee Walmart's employ. He now appeals the district court's grant of summary judgment. We assume the parties' familiarity with the facts and history of the case.

In his opposition to summary judgment, Muhammad asserted claims under Title VII and the Americans with Disabilities Act (ADA). However, he advanced no facts that could support his claim of discrimination on account of disability, race, or gender. Walmart's different treatment of a female employee failed to support gender discrimination, in part, because they were not similarly situated. Unlike Muhammad, the female employee had not acted abusively to a manager or to any other Walmart employee. His abusive outburst at his supervisor gave Walmart a legitimate reason to fire him and Muhammad failed to produce any evidence that his termination was carried out for improper motives. Muhammad's ADA claims also fail. Walmart's accommodations were "plainly reasonable," and Muhammad did not engage in any protected activity to trigger a retaliation claim. *Wernick v. Fed. Reserve Bank of N.Y.*, 91 F.3d 379, 385 (2d Cir.1996).

Accordingly, we **AFFIRM** the judgment of the district court. Walmart's motion for attorney's fees and costs is **DENIED.**